UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

DANIEL CAMPBELL, a citizen and
resident of Virginia,

      Plaintiff,

v.

CLASSICA CRUISE OPERATOR, LTD.
INC., a Bahamian corporation d/b/a
Margaritaville at Sea,

      Defendant.
_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

    Plaintiff, DANIEL CAMPBELL, hereby sues Defendant, CLASSICA CRUISE
OPERATOR, LTD. INC., a Bahamian corporation d/b/a Margaritaville at Sea, and alleges:

    1.    This is an action for damages in excess of seventy-five thousand ($75,000.00)
dollars, exclusive of interest and costs.

    2.    Plaintiff, DANIEL CAMPBELL, is *sui juris* and is a citizen and resident of the
State of Virginia.

    3.    Defendant, CLASSICA CRUISE OPERATOR, LTD., is a Bahamian corporation
with its principal place of business in Orlando, Florida. Defendant is therefore a citizen of Florida
for purposes of determining subject matter jurisdiction over this action. At all material times
Defendant has been doing business under the fictitious name "MARGARITAVILLE AT SEA."

    4.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, based on
diversity of citizenship. Plaintiff is a resident and citizen of Virginia, while Defendant is a citizen

*Daniel Campbell v. Classica Cruise Operator Ltd. Inc.*
Case No.

of Florida for jurisdictional purposes. The damages and injuries suffered by the Plaintiff as alleged

below support an award of damages in excess of $75,000.00, exclusive of interest and costs.

5.      At all material times, Defendant has conducted ongoing substantial and not isolated

business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that *in*

*personam* jurisdiction over Defendant exists in the United States District Court for the Southern

District of Florida.

6.      At all material times, Defendant was, and is, engaged in the business of operating

maritime cruise vessels for paying passengers, including Plaintiff.

7.      In the operative ticket contract, Defendant requires fare-paying passengers such as

Plaintiff to bring any lawsuit against it arising out of injuries or events occurring on the cruise

voyage in this federal judicial district, so venue accordingly is proper in this Court.

8.      Plaintiff has complied with all conditions precedent to bringing this action. Plaintiff

reported the injury alleged below to Defendant's representatives when it occurred, and provided

Defendant with timely written pre-suit notice as required by the operative ticket contract.

## LIABILITY AND DAMAGE ALLEGATIONS COMMON TO ALL COUNTS

9.      At all material times, Defendant was engaged in the business of operating maritime

cruise vessels for fare-paying passengers and, for this purpose, operated the "ISLANDER."

10.     The itinerary of Plaintiff's voyage on the Islander included a United States port.

11.     At all material times, Plaintiff was a fare-paying passenger aboard the Islander and

in that capacity was lawfully present aboard the vessel.

12.     At all material times, Defendant owed Plaintiff, as a fare-paying passenger aboard

its cruise vessel, a duty of reasonable care for his safety.

*Daniel Campbell v. Classica Cruise Operator Ltd. Inc.*
Case No.

13.　　On December 25, 2024, Christmas Day, Defendant's crewmembers scheduled, planned and organized an onboard event during which a crewmember portraying Santa Claus gave presents to the children on the ship. Defendant's crewmembers instructed the children and their adult companions to gather in the Flip Flop Atrium, which is aft on Deck 2. Santa Claus was going to meet the children in the Stars on the Water Theater, which is at the front of the ship on Deck 2.

14.　　A large crowd of adults and children gathered in the Flip Flop Atrium to wait, as instructed by Defendant. When Santa Claus arrived at the Stars on The Water Theater, the crewmembers in charge of the activity suddenly instructed all of the children who had gathered to run for the theater to get a gift from Santa Claus. In response to this instruction, both the children and their adult companions began to run toward the theater.

15.　　The route leading from the atrium toward the theater required the gathered crowd to run past an elevator bank and through a narrow passageway past the casino. In the passageway outside the casino was a large metal sign. The sign had very sharp edges and protruding designs. See the photograph below:



16.　　Defendant designed, created, fabricated and/or hung and/or was directly involved in the design, creation, fabrication and/or hanging of the large, metal sign. The sign was not

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Daniel Campbell v. Classica Cruise Operator Ltd. Inc.*
Case No.

mounted flush to the wall. Upon information and belief, the large, metal sign has hung in the Deck 2 passageway since the Islander entered service for Defendant in or around June 2024.

17.     On Christmas Day 2024, Plaintiff went to the Flip Flop Atrium with his family to wait for Santa Claus. When the crewmembers told the children to run toward the theater, a mad rush of children and adults, all trying to get to the theater at the same time, ensued. At the time of the Christmas Day event, Defendant's instructions to gather at the Flip Flop Atrium and subsequent instruction for the participants to run toward the theater created a foreseeable hazard for the event participants.

18.     During this free-for-all, Plaintiff was knocked and/or pushed into the wall where the large metal sign depicted above hung. As a result of being knocked and/or pushed into the sign, Plaintiff was seriously injured, sustaining injuries including a severe degloving injury to his left arm with exposed muscle and underlying tissue requiring a tourniquet to be applied, severe blood loss, and subsequent infection.

19.     As a direct and proximate result of the incident described above, Plaintiff was injured in and about his body and extremities, sustained severe injuries including a severe degloving injury to his left arm with exposed muscle and tissue, severe blood loss, and subsequent infection, suffered pain and mental anguish therefrom, incurred past medical and related expenses and is reasonably certain to incur future medical and related expenses in the continued treatment of this injuries, sustained disability, physical impairment, aggravation or activation of preexisting injuries, and suffered shame, humiliation, and the loss of capacity to enjoy life. Furthermore, he lost earnings and sustained a loss of capacity to earn money in the future. These damages are permanent or continuing in the their nature and Plaintiff will continue to sustain these damages in the future.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Daniel Campbell v. Classica Cruise Operator Ltd. Inc.*
Case No.

<u>**COUNT I – NEGLIGENT OPERATION OF THE EVENT**</u>
**(Direct Liability)**

Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 19, and further alleges:

20.     At all material times, Defendant had a duty to its passengers, including Plaintiff, to take reasonable measures to operate its events, including the Santa Claus gift-giving event, including controlling, supervising and preventing event participants from running freely through the ship.

21.     At all material times, Defendant had a duty to its passengers, including Plaintiff, to take reasonable, including reasonable measures to avoid disorganized crowds running freely through the ship as described in Paragraphs 13 through 18, above.

22.     At all material times, Defendant should have anticipated that the large crowd of participants they instructed to gather aft on Deck 2 of the Islander, would require adequate measures to control them while making their way toward the theater.

23.     At all material times, Defendant had actual and/or constructive notice of the hazardous condition created by gathering large crowds, instructing them to run through the ship *en masse*, and not having an appropriate plan in place for such events. Defendant's actual and/or constructive notice is derived from its experience in moving large crowds of passengers during embarkation, disembarkation and for onboard events, since at least 2018.

24.     When Defendant instructed the crowd to run toward the theater, it created a hazardous condition in the uncontrolled forward movement of the running crowd.

25.     Defendant breached its duty to Plaintiff, including, but not limited to, the following acts and/or omissions:

*Daniel Campbell v. Classica Cruise Operator Ltd. Inc.*
Case No.

  a. Instructing the large number of event participants to gather in a place too far from the Star of the Water Theater;

  b. Instructing the large number of event participants to run through the ship without any consideration as to maintaining control;

  c. Failing to have a plan in place to control the movement of the large crowd of children and adults when Defendant instructed the event participants to gather aft on Deck 2;

  d. Failing to have a plan in place in order to control the movement of the large number of children and adults after Defendant suddenly instructed the event participants to run toward the theater;

  e. Failing to have the participants wait in front of the theater, rather than at the other end of the vessel, without having any plan in place for the orderly movement of the participants from one area of the vessel to the other;

  f. Failing to have in place a plan for gathering a large number of participants in a safe manner for the Christmas Day Santa Claus gift-giving event;

  g. Failing to have in place a plan for the safe movement of the large number of participants the Christmas Day Santa Claus gift-giving event;

  h. Failing to ensure compliance with the plan for gathering a large number of participants in a safe manner for the Christmas Day Santa Claus gift-giving event;

  i. Failing to ensure compliance with the plan for the safe movement of the large number of participants of the Christmas Day Santa Clause gift-giving event.

26. As a direct and proximate result of Defendant's breach of its duty to Plaintiff, Plaintiff was knocked and/or pushed by the running crowd into the large, metal sign as alleged in

*Daniel Campbell v. Classica Cruise Operator Ltd. Inc.*
Case No.

Paragraph 18 and sustained, and will continue in the future to sustain, the damages alleged in

Paragraph 19.

WHEREFORE, Plaintiff, DANIEL CAMPBELL, demands judgment against Defendant,

CLASSICA CRUISE OPERATOR, LTD. INC. d/b/a Margaritaville at Sea, for compensatory

damages, interest, and the costs of this action and further demands trial by jury of all issues triable

as of right.

## COUNT II – NEGLIGENT MAINTENANCE
### (Direct Liability)

Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1

through 19 and further alleges:

27.     At all material times, Defendant owed Plaintiff, as a fare-paying passenger lawfully

on board its vessel, a duty of reasonable care for his safety, which included a duty to maintain the

vessel in a reasonably safe condition.

28.     At all material times, there existed a hazardous condition in the Deck 2 passageway

of the Islander as described in Paragraphs 13 through 18.

29.     At all material times prior to December 25, 2024, Defendant knew, or in the

exercise of reasonable care, should have known that the large, metal sign was a hazardous

condition, especially in the presence of an uncontrolled large crowd of running children and adults.

30.     The hazardous condition alleged in Paragraphs 13 through 18 existed for a

sufficient length of time for Defendant to remedy the condition and take corrective action.

31.     Notwithstanding its actual and/or constructive knowledge of the hazardous

condition, Defendant breached its duty to Plaintiff by failing to correct and/or remedy the

hazardous condition before Plaintiff was knocked and/or pushed into the large, metal sign, as

alleged in Paragraph 18.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Daniel Campbell v. Classica Cruise Operator Ltd. Inc.*
Case No.

32.     Defendant breached its duty to Plaintiff, including, but not limited to the following acts and/or omissions:

a.      Failing to provide and/or maintain a reasonably safe passageway in light of the anticipated use of the area during the Santa Claus event, including the large number of participating children and adults instructed to gather and the subsequent uncontrolled movement of the gathered participants when they were instructed to run to the theater *en masse*;

b.      Failing to identify and remedy the dangerous and/or hazardous condition, specifically a large, metal sign protruding into the passageway, prior to the incident.

c.      Failing to ensure the passageway was clear, unobstructed, and wide enough for safe passenger passage during the planned event, especially considering the foreseeable congestion and uncontrolled crowd movement caused by Defendant's decision to route guests through the area *en masse*.

d.      Failing adequately to account for the large number of event participants moving in a free-for-all to the theater when they suddenly were told to run from the atrium to the theater through the passageway where the large, metal sign hung, allowing Plaintiff to be knocked and/or pushed into the wall and the sign.

e.      Failing to gather the crowd closer to the theater where the event was taking place or to remove the hazardous protruding large metal sign in order to prevent passengers, including Plaintiff, from encountering the dangerous condition.

33.     As a direct and proximate result of Defendant's breach of its duty to Plaintiff, Plaintiff was knocked and/or pushed by the running crowd into the large, metal sign as alleged in

*Daniel Campbell v. Classica Cruise Operator Ltd. Inc.*
Case No.

Paragraph 18 and sustained, and will continue in the future to sustain, the damages alleged in

Paragraph 19.

WHEREFORE, Plaintiff, DANIEL CAMPBELL, demands judgment against Defendant,

CLASSICA CRUISE OPERATOR, LTD. INC. d/b/a Margaritaville at Sea, for compensatory

damages, interest, and the costs of this action and further demands trial by jury of all issues triable

as of right.

**COUNT III – NEGLIGENT OPERATION OF THE EVENT**
**(Vicarious Liability)**

Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1

through 19 and further alleges:

34.    At all material times including on Christmas Day 2024, Defendant's crewmembers,

employees, agents and/or servants who were involved in planning, organizing and/or running the

Santa Claus gift-giving event were acting in furtherance of the business of the vessel, which

included organizing and supervising entertainment events for minor passengers, so that all

negligent acts and/or omissions of Defendant's crewmembers, employees, agents and/or servants

in connection with the event were undertaken in furtherance of the business of the vessel and were

acts and/or omissions for which Defendant is vicariously liable.

35.    At all material times including on Christmas Day 2024, Defendant's crewmembers,

employees, agents and/or servants referenced above owed a duty to passengers, including Plaintiff,

to take reasonable measures, including adequately controlling, supervising and preventing the

gathered participants from running freely through the ship.

36.    At all material times, Defendant's crewmembers, employees, agents and/or servants

referenced above had a duty to passengers, including Plaintiff, to take reasonable measures,

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Daniel Campbell v. Classica Cruise Operator Ltd. Inc.*
Case No.

including not instructing a large number of event participants to gather without adequate supervision and then further instructing them to run *en masse* through the ship.

37.     At all material times, there existed a hazardous condition in the Deck 2 passageway of the Islander as described in Paragraphs 13 through 18.

38.     At all material times, Defendant's crewmembers, employees, agents and/or servants should have anticipated that the large number of event participants they had instructed to gather in the Flip Flop Atrium on Deck 2 of the Islander, would require planning to control the participant as they made their way toward the theater.

39.     When Defendant's crewmembers, employees, agents and/or servants instructed the gathered participants to run toward the theater, they created a hazardous condition in the uncontrolled forward movement of the running participants through a narrow passageway containing a sharp and pointy metal sign hung on the wall.

40.     Defendant's crewmembers, employees, agents and/or servants breached their duty to Plaintiff, including, but not limited to, the following acts and/or omissions:

      a.     Failing to have a plan in place to control the movement of the large number of participants of children and adults when they instructed the large number of participants to gather aft on Deck 2;

      b.     Failing to have a plan in place in order to control the forward movement of the large number of participants after they suddenly instructed the participants to run toward the theater;

      c.     Failing to have the participants gather in front of the theater, rather than at the other end of the vessel, without having any plan in place for the orderly forward movement of the crowd from one area of the vessel to the other;

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Daniel Campbell v. Classica Cruise Operator Ltd. Inc.*
Case No.

       d.      Failing to comply with the plan for gathering the large number of event participants in a safe and secure manner for events such as the Christmas Day Santa Claus gift-giving event;

       e.      Failure to comply with policies and procedures for the safe and secure movement of crowds during large events, such as the Christmas Day Santa Clause gift-giving event;

       f.      Failure to maintain the narrow passageway through Deck 2 in a reasonably safe condition in anticipation of a large crowd of children and adults gathering aft of and then running through the passageway.

       g.      Failure to provide a route toward the theater that avoided hazards such as the protruding sign.

41.      Defendant is vicariously liable for the negligence of its crewmembers, employees, agents and servants.

42.      As a direct and proximate result of Defendant's breach of its duty to Plaintiff, Plaintiff was knocked and/or pushed by the running crowd into the large, metal sign as alleged in Paragraph 18 and sustained, and will continue in the future to sustain, the damages alleged in Paragraph 19.

WHEREFORE, Plaintiff, DANIEL CAMPBELL, demands judgment against Defendant, CLASSICA CRUISE OPERATOR, LTD. INC. d/b/a Margaritaville at Sea, for compensatory damages, interest, and the costs of this action and further demands trial by jury of all issues triable as of right.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Daniel Campbell v. Classica Cruise Operator Ltd. Inc.*
Case No.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury of all issues so triable as of right.

Dated December 19, 2025.

**s/PHILIP M. GERSON**
PHILIP M. GERSON, ESQ.
Florida Bar No. 127290
pgerson@gslawusa.com
filing@gslawusa.com
NICHOLAS I. GERSON, ESQ.
Florida Bar No. 20899
ngerson@gslawusa.com
EDWARD S. SCHWARTZ, ESQ.
Florida Bar No. 346721
eschwartz@gslawusa.com
NICHOLAS M. PLYMALE, ESQ.
Florida Bar No. 1057884
nplymale@gslawusa.com
ANDREA B. CHIRLS, ESQ.
Florida Bar No. 968765
achirls@gslawusa.com
DAVID L. MARKEL, ESQ.
Florida Bar No. 78306
dmarkel@gslawusa.com
LEE A. WATSON, ESQ.
Florida Bar No. 956750
lwatson@gslawusa.com
GERSON & SCHWARTZ, P.A.
Attorneys for Plaintiff
1980 Coral Way
Miami, Florida 33145-2624
Telephone: (305) 371-6000
Facsimile: (305) 371-5749

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com